1  JOSHUA A. JESSEN, SBN 222831
     jjessen@gibsondunn.com
2  CHARLES W. PROCTOR, SBN 293087
     cproctor@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
4  Palo Alto, CA 94304-1211
   Telephone: 650.849.5300
5  Facsimile: 650.849.5333

6  Attorneys for Nonparty
   SEBASTIEN DE HALLEUX

FILED
SEP 27 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 16 80205 MISC

EDL

| | |
|---|---|
| SOCIAL RANGER, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>  Defendant. | CASE NO. 14-1525-LPS pending in the District of Delaware<br><br>**NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY PLAINTIFF SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing:**<br>Date:   TBD<br>Time:  TBD<br>Place:  TBD<br>Judge:  TBD |

FAXED

Gibson, Dunn & Crutcher LLP

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at a date and time to be determined by this Court, nonparty Sebastien de Halleux ("Mr. de Halleux") will and hereby does move the Court to quash the deposition subpoena served on him on September 16, 2016 by Plaintiff Social Ranger, LLC in the above-captioned action pending in the United States District Court for the District of Delaware. The Court should quash the subpoena for three separate and independent reasons: (1) it subjects Mr. de Halleux—a busy nonparty with little to no knowledge of the case—to undue burden, (2) it seeks trade secret or confidential commercial information, and (3) it does not allow for a reasonable time to comply. *See* Fed. R. Civ. P. 45(d)(3). The instant Motion is properly filed before this Court because it is in "the district where compliance [with the subpoena] is required." Fed R. Civ. P. 45(d)(3). The Motion is timely because Mr. de Halleux's deposition is noticed for September 28, 2016. *See id.* (court must quash a subpoena upon "timely motion").

This Motion is based on this Notice, the supporting Memorandum of Points and Authorities, the concurrently-filed Declaration of Sebastien de Halleux and Declaration of Joshua A. Jessen, any exhibits, pleadings, and documents on file in this matter, and any additional evidence and argument as may be presented at the hearing on this Motion.

## ISSUES TO BE DECIDED

1. Does the third-party deposition subpoena issued by Plaintiff Social Ranger to nonparty Sebastien de Halleux impose an undue burden?

2. Does the subpoena require Mr. de Halleux to disclose a trade secret or other confidential research, development, or commercial information?

3. Does the subpoena fail to allow a reasonable time for compliance?

Dated: September 27, 2016

JOSHUA A. JESSEN
GIBSON, DUNN & CRUTCHER LLP

By: _____
Joshua A. Jessen

Attorneys for Nonparty SEBASTIEN DE HALLEUX

1

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS............................................................................................. 3

    A.    Underlying Litigation Between Social Ranger and Facebook.................................. 3

    B.    Mr. de Halleux ........................................................................................................ 3

    C.    Social Ranger Serves a Third-Party Deposition Subpoena on Mr. de Halleux Two Weeks Before the Close of Fact Discovery ................................................... 4

III. THE SUBPOENA FAILS TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND SHOULD BE QUASHED ........................................... 5

    A.    The Subpoena Imposes an Undue Burden on Nonparty Mr. de Halleux................ 5

    B.    The Subpoena May Require the Disclosure of Trade Secret or Other Confidential Commercial Information .................................................................. 8

    C.    The Subpoena Fails to Allow a Reasonable Time to Comply ............................... 9

IV. CONCLUSION............................................................................................................. 10

i

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AF Holdings, LLC v. Does 1-1058,*
  752 F.3d 990 (D.C. Cir. 2014) ..........................................................................................5, 6

*Brown v. Hendler,*
  No. 09 CIV 4486 RLE, 2011 WL 321139 (S.D.N.Y. Jan. 31, 2011) ......................................9

*Convolve, Inc. v. Dell, Inc.,*
  No. C 10-80071 WHA, 2011 WL 1766486 (N.D. Cal. May 9, 2011)......................................8

*Gilead Scis., Inc. v. Merck & Co, Inc.,*
  No. 13-04057-BLF, 2016 WL 146574 (N.D. Cal. Jan. 13, 2016) ..........................................6

*Gonzales v. Google Inc.,*
  234 F.R.D. 674 (N.D. Cal. 2006) ..........................................................................................5

*Lemberg Law LLC v. Hussin,*
  2016 WL 3231300 (N.D. Cal. June 13, 2016) ........................................................................5

*Nidec Corp. v. Victor Co. of Japan,*
  269 F.R.D. 575 (N.D. Cal. 2007) ..........................................................................................6

*Soto v. Castlerock Framing & Transport, Inc.,*
  282 F.R.D. 492 (E.D. Cal. 2012) .......................................................................................1, 6

*St. Paul Mercury Ins. Co. v. Homes,*
  No. 2:15-CV-0037 TLN, 2015 WL 7077450 (E.D. Cal. Nov. 13, 2015) ............................5, 8

*United States v. C.B.S., Inc.,*
  666 F.2d 364 (9th Cir. 1982).................................................................................................5

*Verisign, Inc. v. XYZ.com, LLC,*
  No. CV 15-MC-175-RGA, 2015 WL 7960976 (D. Del. Dec. 4, 2015)..................................9

**Other Authorities**

9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2010 .............................6

**Rules**

Fed. R. Civ. P. 26(b)(2)(C) ...........................................................................................................6

Fed. R. Civ. P. 45(d)(3)(A)(i) ...........................................................................................2, 5, 9

Fed. R. Civ. P. 45(d)(3)(A)(ii) .....................................................................................................5

i

Gibson, Dunn & Crutcher LLP

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES
(continued)

Page(s)

Fed. R. Civ. P. 45(d)(3)(A)(iii) ...............................................................................................5

Fed. R. Civ. P. 45(d)(3)(A)(iv) ..............................................................................................5, 8

Fed. R. Civ. P. 45(d)(3)(B)(i)w.........................................................................................2, 5, 9

ii

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Almost two years ago, a company called Social Ranger, LLC filed suit against Facebook in the United States District Court for the District of Delaware, alleging that certain conduct by Facebook that occurred more than five years ago violated federal antitrust laws. Almost 21 months later, and a mere two weeks before the court-ordered fact discovery cutoff, and without any advance notice to Mr. de Halleux, Social Ranger served Mr. de Halleux—an unaffiliated third party residing in San Francisco—with a deposition subpoena (the "Subpoena"), demanding that he appear for a deposition 12 days later. Social Ranger served the Subpoena at approximately 9 p.m. on Friday, September 16, 2016. *See* Declaration of Sebastien de Halleux in Support of Motion to Quash ("De Halleux Decl.") ¶ 5 & Ex. A. The docket in the underlying lawsuit indicates that the Subpoena served on Mr. de Halleux was one of approximately 18 third-party deposition subpoenas that Social Ranger purported to serve in the past month. *See* Declaration of Joshua A. Jessen in Support of Motion to Quash ("Jessen Decl.") ¶ 10.

The Subpoena violates Federal Rule of Civil Procedure 45(d) and should be quashed for at least three reasons. *First*, the Subpoena imposes an undue burden on Mr. de Halleux. Mr. de Halleux is an executive of a start-up company in the San Francisco Bay Area and has an incredibly busy and demanding schedule, including an important meeting with a large governmental customer scheduled for the noticed date of his deposition, and multiple out-of-state trips throughout the month of October. It is neither feasible nor appropriate for him to be required to drop everything or rearrange his busy schedule to appear for a deposition in a case about which he has little to no knowledge, especially on such short notice. Moreover, whatever scant relevant information Mr. de Halleux might possess is obtainable from the parties to the litigation or other third parties whose documents Social Ranger has already subpoenaed. Accordingly, it would be unduly burdensome to require Mr. de Halleux, a nonparty, to appear for a deposition to testify as to this same information. *See, e.g., Soto v. Castlerock Framing & Transport, Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) ("[T]here is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests."). Furthermore, any argument by Social Ranger that Mr. de

Gibson, Dunn & Crutcher LLP

1

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Halleux's testimony is important to its claims against Facebook is belied by the timing of Social Ranger's Subpoena: As noted above, Social Ranger's lawsuit against Facebook has been pending since 2014, but Social Ranger only subpoenaed Mr. de Halleux *two weeks* before the fact discovery cut-off. If Mr. de Halleux were a vital third-party witness with relevant information, Social Ranger would have subpoenaed him much, much earlier in the case. That Social Ranger did not do so speaks to the inessential and redundant nature of whatever testimony Mr. de Halleux could possibly offer.

*Second*, by issuing the Subpoena, Social Ranger seeks testimony from Mr. de Halleux regarding trade secret or otherwise confidential information that is covered by contractual confidentiality clauses. Accordingly, by appearing for a deposition Mr. de Halleux would risk violating his confidentiality agreements. For this additional reason, the Subpoena should be quashed. *See* Fed. R. Civ. P. 45(d)(3)(B)(i) (a court may modify or quash a subpoena if the subpoena requires, *inter alia*, "disclosing a trade secret or other confidential research, development, or commercial information").

*Third*, the Subpoena requests that Mr. de Halleux appear for his deposition on September 28, 2016, which is only 12 days (and eight business days) after Social Ranger served the subpoena on Mr. de Halleux. Accordingly, the Subpoena fails to "allow a reasonable time to comply" and "must" be quashed or modified. Fed. R. Civ. P. 45(d)(3)(A)(i).

Given the foregoing, Mr. de Halleux's counsel requested that Social Ranger withdraw the Subpoena, or as a courtesy grant Mr. de Halleux a two-day extension—until September 30, 2016 (14 days from the date of the Subpoena's service)—to prepare and file a motion to quash. Jessen Decl. ¶ 4; *id.* Ex. A. On the morning of September 26, 2016, Social Ranger's counsel responded that it would "aim to take Mr. de Halleux's deposition on Friday," September 30, 2016, thus providing Mr. de Halleux the additional time he requested to prepare and file his motion to quash. *Id.* ¶ 5; *id.* Ex. B. But approximately 90 minutes later, Social Ranger's counsel responded again, reversing course and stating that Social Ranger would not "extend the date so that [Mr. de Halleux] can simply move to quash his deposition," and that "if Mr. de Halleux is not willing to agree on a date, we will simply proceed with his deposition as noticed [on September 28, 2016]." *Id.* ¶ 6; *id.* Ex. C. Mr. de Halleux's counsel replied to Social Ranger's counsel by citing the Northern District of California's

2

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Gibson, Dunn & Crutcher LLP

Guidelines for Professional Conduct's provisions relating to reasonable continuances and extensions of time, and renewed Mr. de Halleux's request for an extension. *Id.* ¶ 7; *id.* Ex. D. But Social Ranger's counsel again refused. *Id.* ¶ 8; *id.* Ex. E. Mr. de Halleux was therefore forced to file the instant Motion in a very short period of time to seek relief from this Court.[1]

## II. STATEMENT OF FACTS

### A. Underlying Litigation Between Social Ranger and Facebook

On December 29, 2014, Social Ranger filed suit against Facebook in the United States District Court for the District of Delaware, alleging that Facebook violated antitrust laws by using its alleged dominance in the "social-game network market" to obtain a monopoly in the "virtual-currency services market" (the "Antitrust Litigation"). Jessen Decl., Ex. G ¶ 1. Specifically, Social Ranger alleges that in May 2009, Facebook announced a virtual-currency system called "Facebook Credits" for use by developers of video games that could be played on the Facebook.com social networking website. *Id.* ¶ 74. Social Ranger further alleges that Facebook began to force some of the largest social-game developers to use Facebook Credits "[i]n early 2009." *Id.* ¶ 82. Social Ranger then claims that by 2011 Facebook "eliminated competition in the Virtual-Currency Services market." *Id.* at 16.

Mr. de Halleux is not a party to the Antitrust Litigation, and Social Ranger's complaint does not accuse him of violating any antitrust laws.[2] *See id.* Nonetheless, Social Ranger now demands that Mr. de Halleux appear for a deposition on very short notice and two days before the fact discovery cutoff.

### B. Mr. de Halleux

Mr. de Halleux is currently the chief operating officer of Saildrone, Inc., a company headquartered in Alameda, California that provides high resolution ocean data collected via a fleet of

---

[1] On the morning of September 27, 2016, after refusing several times to modestly extend the date for Mr. de Halleux to move to quash the subpoena—which required Mr. de Halleux's counsel to prepare this motion in a compressed timeframe—Social Ranger's counsel stated that Social Ranger would "not proceed with Mr. de Halleux's deposition this week" and stated that Social Ranger wanted to take his deposition in October. Jessen Decl., ¶ 9, Ex. F.

[2] Social Ranger's complaint similarly does not reference Playfish, the company Mr. de Halleux previously founded. *See* Section II.B, *infra*.

3

Gibson, Dunn & Crutcher LLP

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

unmanned autonomous surface vehicles. De Halleux Decl. ¶ 2. Mr. de Halleux is also a founding partner of Graph Ventures, an early stage angel investor fund based in San Francisco. *Id.* Previously, Mr. de Halleux was co-founder and chief operating officer of Playfish Ltd. ("Playfish"), a company that built video games that could be played on social networking websites. *Id.* ¶ 3. In November 2009, Electronic Arts, Inc. ("Electronic Arts") acquired Playfish. *Id.* ¶ 4. Mr. de Halleux then became vice president of business development and strategic partnerships at Electronic Arts from December 2009 to June 2011. *Id.*

Mr. de Halleux has never been employed at either Facebook or Social Ranger. *Id.* ¶ 5. However, while Mr. de Halleux was at Playfish, Playfish had a contractual relationship with Facebook related to the games that Playfish made available on Facebook's website. *Id.* ¶ 3. As early as January 2008, Mr. de Halleux was bound by a non-disclosure agreement between Facebook and Playfish that Mr. de Halleux believes still binds him today. *Id.* In addition, upon arriving at Electronic Arts, Mr. de Halleux signed an agreement that contains a non-disclosure provision that also restricts his ability (even after the end of his employment) to divulge Electronic Arts' confidential and proprietary information, including confidential information that relates to the business of Electronic Arts or to the business of any customer or supplier of Electronic Arts. *Id.* ¶ 4.

As part of the Antitrust Litigation, Social Ranger has issued a third-party subpoena to Electronic Arts. *See* Jessen Decl., Ex. H (Social Ranger subpoena to Electronic Arts).

C.  **Social Ranger Serves a Third-Party Deposition Subpoena on Mr. de Halleux Two Weeks Before the Close of Fact Discovery**

The fact discovery cut-off in the Antitrust Litigation is September 30, 2016. Jessen Decl., Ex. J. At approximately 9 p.m. on Friday, September 16, 2016—a mere two weeks before the fact discovery cut-off, and approximately 21 months after Social Ranger filed suit—Social Ranger served the Subpoena on Mr. de Halleux. De Halleux Decl. ¶ 5. Prior to receiving the Subpoena, Mr. de Halleux was not aware of the Antitrust Litigation. *Id.* In a meet-and-confer conference regarding the supposed necessity of the Subpoena, counsel for Social Ranger stated that Social Ranger wanted to depose Mr. de Halleux to determine if he had knowledge regarding how Facebook's alleged actions

4

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Gibson, Dunn & Crutcher LLP

affected the social-game marketplace and developers (including Electronic Arts) operating on social media platforms over five years ago. Jessen Decl. ¶ 3.

### III. THE SUBPOENA FAILS TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE AND SHOULD BE QUASHED

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, No. 16-mc-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quotation omitted). This is because "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982). Pursuant to Federal Rule of Civil Procedure 45(d)(3), a court "must" quash or modify a subpoena if the subpoena, *inter alia*, "subjects a person to undue burden" or "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). In addition, a court "may" quash or modify a subpoena if it requires, among other things, "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). As discussed below, the Subpoena runs afoul of all three of these provisions.

#### A. The Subpoena Imposes an Undue Burden on Nonparty Mr. de Halleux

"An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party . . . ." *St. Paul Mercury Ins. Co. v. Homes*, No. 2:15-CV-0037 TLN, 2015 WL 7077450, at *2 (E.D. Cal. Nov. 13, 2015) (internal quotation omitted); *see also Gonzales v. Google Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (stating that "a court determining the priority of a subpoena balances the relevance of the [testimony] sought, the requesting party's need, and the potential hardship to the party subject to the subpoena"). A subpoena that seeks irrelevant information by definition imposes an undue burden.[3] *See AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014) ("If a subpoena compels

---

[3] A third-party deposition subpoena may impose an undue burden even if it does not require the deponent to produce documents. *See St. Paul Mercury Ins. Co.*, 2015 WL 7077450, at *3 (finding that a deposition subpoena that did not require the deponent to produce documents is "unduly burdensome if it could not reasonably lead to the discovery of admissible evidence and would amount to a mere fishing expedition").

5

Gibson, Dunn & Crutcher LLP

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

disclosure of information that is not properly discoverable, then the burden it imposes, however slight, is necessarily undue: why require a party to produce information the requesting party has no right to obtain?"). Furthermore, a third-party subpoena imposes an undue burden where it seeks information that is obtainable from other sources. *Soto*, 282 F.R.D. at 505 (party may seek to quash a subpoena by emphasizing the documents may be sought from another party or alternative source); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (same); *see also* 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2010) (court determining a subpoena's reasonableness is required to consider, *inter alia*, "whether it is available from any other source"); *cf.* Fed. R. Civ. P. 26(b)(2)(C)(i) (a court "must" limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Gilead Scis., Inc. v. Merck & Co, Inc.*, No. 13-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) ("[A] party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case.").

Here, when the relevant factors are weighed, the Subpoena imposes an undue burden on Mr. de Halleux. ***First***, it is unlikely that Mr. de Halleux possesses much, if any, information relevant to the Antitrust Litigation. Mr. Halleux is not a party to the Antitrust Litigation, was never an employee or an agent of either party to the Antitrust Litigation, and neither Mr. de Halleux nor his former company Playfish is accused of wrongdoing or even referenced in Social Ranger's complaint. Accordingly, to the extent the Subpoena seeks irrelevant information from Mr. de Halleux, it necessarily imposes an undue burden and must be quashed. *See AF Holdings*, 752 F.3d at 995.

***Second***, even if Mr. de Halleux possessed relevant information, the information is readily obtainable from other sources (including, presumably, from at least one of the approximately 18 third parties Social Ranger has subpoenaed in the past month). During the parties' meet-and-confer conference that preceded the instant Motion, counsel for Social Ranger stated that Social Ranger sought to depose Mr. de Halleux for an entirely generic reason—i.e., to determine if he had knowledge regarding how Facebook's conduct from many years ago affected the social-game marketplace and game developers, including Electronic Arts, that operated on social media platforms.

Gibson, Dunn & Crutcher LLP

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Jessen Decl. ¶ 3. But Social Ranger could obtain this information from party discovery. *See Soto*, 282 F.R.D. at 505 ("In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests.").

Furthermore, Social Ranger likely could obtain this information from other third parties, and in fact Social Ranger has already subpoenaed Electronic Arts (the company that acquired Mr. de Halleux's former company in 2009) for documents relating to the ***very same topics*** about which Social Ranger apparently now seeks to depose Mr. de Halleux. *See* Jessen Decl., Ex. H at 6-7. This includes documents regarding, among other things:

- "[T]he effects on Your business that You perceived were a result of Your use of Facebook Credits and/or Facebook Credit offers";
- "[T]he effects on Your business that You perceived were a result of [Facebook's] Platform Policy";
- "Communications with other Platform Developers or Virtual Currency Service Providers relating to Facebook's efforts to get You to use Facebook Credits and/or Facebook Credits offers"; and
- Documents showing revenue, users, and prices associated with "virtual goods or virtual currency over time on Facebook Platform and on each other platform where You offered Your games."[4]

*Id.* In sum, Social Ranger has already requested from corporate third parties the information it claims to want from Mr. de Halleux. Mr. de Halleux's testimony would accordingly be of minute value.[5]

***Third***, at the same time, compelling Mr. de Halleux to testify pursuant to the Subpoena would impose a substantial burden. Mr. de Halleux recently raised a new round of capital for his current

---

[4] To the extent that Social Ranger is seeking Mr. de Halleux's *expert* opinion on, among other topics, how Facebook's alleged conduct affected the social-game market, this is impermissible under the Federal Rules and further grounds to quash the Subpoena. *See* Fed F. Civ. P. 45(d)(3)(B)(ii). Furthermore, Mr. de Halleux is not the only third-party source Social Ranger has subpoenaed for this information. For instance, at the same time that Social Ranger subpoenaed Electronic Arts for documents, it also subpoenaed another game developer, RockYou, Inc., with virtually identical document requests to those served on Electronic Arts. *See* Jessen Decl., Ex. I.

[5] Indeed, if Social Ranger actually believed Mr. de Halleux could supply valuable testimony, Social Ranger would have subpoenaed him at an earlier stage of the litigation. Instead, Social Ranger subpoenaed Mr. de Halleux at the eleventh hour, ***two weeks*** before the fact discovery cut-off in the underlying litigation, with his deposition scheduled to take place ***two days*** before the fact discovery deadline. *See* Jessen Decl., Ex. J.

7

company, and he has a very demanding professional schedule. De Halleux Decl. ¶ 7. In fact, on September 28, 2016—the day that Social Ranger noticed Mr. de Halleux's deposition—Mr. de Halleux has an all-day meeting with a large governmental customer. *Id*. Mr. de Halleux will also be travelling out-of-state throughout the month of October, including a trip to Washington D.C. to meet with high-ranking government officials. *Id*. Mr. de Halleux's schedule does not permit appearing for a deposition in a case about which he knows next to nothing, especially on such short notice. *See id*. When this burden is weighed against the fact that Mr. de Halleux is being asked to supply the same information that Social Ranger has already sought directly from other parties and third parties, the scales tip decidedly in favor of finding that the Subpoena is unduly burdensome. *See St. Paul Mercury Ins. Co.*, 2015 WL 7077450, at *2 (stating that an "evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party"). Therefore, the Court "must" quash the Subpoena. Fed. R. Civ. P. 45(d)(3)(A)(iv).

**B.   The Subpoena May Require the Disclosure of Trade Secret or Other Confidential Commercial Information**

This Court should quash the Subpoena for the additional reason that it may require Mr. de Halleux to disclose confidential commercial information relating to his time at Playfish and Electronic Arts. *See Convolve, Inc. v. Dell, Inc.*, No. C 10-80071 WHA, 2011 WL 1766486, at *1 (N.D. Cal. May 9, 2011) ("If the subpoena requires disclosure of confidential commercial information, then the subpoena may be quashed."). Counsel for Social Ranger has indicated that Social Ranger wishes to depose Mr. de Halleux regarding how Facebook's conduct allegedly affected the social-game marketplace and game developers, including Electronic Arts. Jessen Decl. ¶ 3. But while Mr. de Halleux was at Playfish, Playfish had a contractual relationship with Facebook related to the games that Playfish made available on Facebook's website. De Halleux Decl. ¶ 3. The contract between Playfish and Facebook contained confidentiality provisions to which Mr. de Halleux believes he is still bound. *Id*. Furthermore, upon arriving at Electronic Arts, Mr. de Halleux signed an agreement that contains a non-disclosure provision that also restricts his ability (even after the end of his employment) to divulge Electronic Arts' confidential and proprietary information, or the confidential and proprietary information of an Electronic Arts' customer or supplier. *Id*. ¶ 4.

8

NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Gibson, Dunn & Crutcher LLP

Accordingly, Mr. de Halleux respectfully requests that the Court quash the Subpoena so that he is not compelled to testify as to any "trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i).

### C. The Subpoena Fails to Allow a Reasonable Time to Comply

Finally, this Court should quash the Subpoena for the independent reason that it does not allow Mr. de Halleux a reasonable time in which to comply. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). "Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable." *Brown v. Hendler*, No. 09 CIV 4486 RLE, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (quashing subpoena for failing to allow a reasonable time to comply where subpoena was served on August 23 and required third party to appear at deposition on September 1); *see also Verisign, Inc. v. XYZ.com, LLC*, No. 15-MC-175-RGA, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015) ("[S]everal courts have concluded fourteen days from the date of service [to comply] [is] presumptively reasonable."). Furthermore, reasonableness of time depends on the "underlying circumstances." *Verisign*, 2015 WL 7960976, at *3.

Here, Mr. de Halleux was served with the Subpoena late on the evening of Friday, September 16, 2016. The Subpoena commanded Mr. de Halleux to appear at a deposition on September 28, 2016, only 12 days later. This is not a presumptively reasonable amount of time. *See Brown*, 2011 WL 321139, at *2. For this additional and independent reason, this Court "must" quash the Subpoena on the ground that it fails to allow Mr. de Halleux "a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i).

///

///

///

9
NONPARTY SEBASTIEN DE HALLEUX'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED BY SOCIAL RANGER, LLC; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Gibson, Dunn & Crutcher LLP

## IV. CONCLUSION

For the foregoing reasons, Mr. de Halleux respectfully requests that the Court enter an order quashing the Subpoena.

Dated: September 27, 2016

JOSHUA A. JESSEN
GIBSON, DUNN & CRUTCHER LLP

By: _____
Joshua A. Jessen

Attorneys for Nonparty SEBASTIEN DE HALLEUX